# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS JOHN CARTER, | ) |
| Plaintiff, | ) |
| | ) No. 17 C 6216 |
| v. | ) |
| | ) Judge Ronald A. Guzmán |
| JPMORGAN CHASE BANK, N.A. and | ) |
| U.S. SECURITY ASSOCIATES, INC., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

For the reasons explained below, defendants' motion to dismiss is granted, and defendants' motion for sanctions and a filing bar is granted in part and denied in part.

## DISCUSSION

### A.      Motion to Dismiss

Pro se plaintiff, Thomas John Carter, originally filed this action in the Circuit Court of Cook County on July 31, 2017. Defendants, JPMorgan Chase Bank, N.A. ("Chase") and U.S. Security Associates ("U.S. Security") removed the case to this court and now move to dismiss it under Federal Rule of Civil Procedure 12(b)(6) based on res judicata.

Plaintiff alleges in his complaint that he went to a Chase facility in Elk Grove Village, Illinois, for an interview. He further alleges that when he arrived, a security guard employed by U.S. Security requested identification and then refused to accept plaintiff's United States military identification card. A Chase manager also refused plaintiff entry. Plaintiff claims that the defendants violated the Illinois Human Rights Act, 775 ILCS 5/1-102, and the Illinois Employment Contract Act, 820 ILCS 15/1.

In his complaint, plaintiff notably omits the date of the events at the Chase facility, but he does not dispute defendants' argument that they occurred on April 24, 2014 and that plaintiff has already filed three previous lawsuits based on this set of facts. In the first suit, plaintiff alleged that the same defendants violated USERRA and RICO and engaged in "document fraud," conspiracy, age discrimination, and retaliation. Judge Kennelly dismissed that suit with prejudice for failure to state a claim. *Carter v. J.P. Morgan Chase, N.A.*, No. 15 C 2256, 2015 WL 8989003 (N.D. Ill. Dec. 16, 2015). Plaintiff appealed, and the Court of Appeals affirmed. *Carter v. JPMorgan Chase Bank, N.A.*, 650 F. App'x 896 (7th Cir. 2016). In plaintiff's second suit, 16 C 6818, he alleged employment discrimination, conspiracy, and violations of numerous federal rights. In September 2016, Judge Gettleman dismissed that suit with prejudice as barred by res judicata. In plaintiff's third suit, he alleged employment discrimination, disability discrimination, violations of USERRA and RICO, and other violations of federal rights. Judge Dow dismissed that suit as barred by res judicata. *Carter v. J.P. Morgan Chase Bank*, No. 16 C 9732, 2017 WL 1304117, at *3 (N.D. Ill. Apr. 7, 2017). Carter appealed, and the Court of Appeals affirmed. *Carter v. JPMorgan Chase Bank, N.A.*, 693 F. App'x 461 (7th Cir. 2017). The Court noted: "This is Carter's third suit about the events of that day," and warned him that "any further attempt to litigate claims arising from the events of April 24, 2014, will lead to financial and other penalties." *Id.*

When it is clear from the face of the complaint and matters of which the court may take judicial notice (such as court filings) that the plaintiff's claims are barred as a matter of law, dismissal under Rule 12(b)(6) is appropriate. *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017). The doctrine of res judicata applies when there is "(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of the causes of action;

and (3) an identity of the parties or their privies." *Id.* (applying Illinois law). "If the doctrine applies, the plaintiff is barred from raising 'not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit.'" *Id.* (quoting *Chi. Title Land Trust Co. v. Potash Corp. of Sask. Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011)).

The Court agrees with defendants that this suit should be dismissed; the complaint and previous court filings make clear that it is barred by res judicata. The parties are identical; Chase and U.S. Security were defendants in plaintiff's prior suits. Although plaintiff raises slightly different theories of relief, there is an identity of causes of action because all of the suits derive from a single core of operative facts. *See id.* ("[S]eparate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief."); *see also Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010) ("You cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory. That is called 'claim splitting,' and is barred by the doctrine of res judicata."). There are also final judgments on the merits. *See Davis v. Lambert*, 388 F.3d 1052, 1058 (7th Cir. 2004) (a dismissal under Rule 12(b)(6) for failure to state a claim is a decision on the merits). Plaintiff, citing *Cooney v. Rossiter*, 986 N.E.2d 618 (Ill. 2012), argues that for res judicata to apply, there had to be a jury trial and a summary judgment in a previous case. That argument is frivolous; that is not the law, and *Cooney* does not stand for that proposition.

All three elements of res judicata are met in this case; therefore, defendants' motion to dismiss is granted.

B.       **Motion for Sanctions and a Filing Bar**

Defendants move for the imposition of a $3,000.00 sanction against plaintiff, which they say represents the reasonable attorneys' fees they incurred in connection with preparing their motion to dismiss. They argue that Carter's repeated filings are burdening them and taxing limited court resources, and they emphasize the Court of Appeals' warning to plaintiff. In response, plaintiff merely reiterates his frivolous argument regarding the application of res judicata and requests a $3,000.00 sanction against defendants for "fraudulent[ly]" invoking res judicata. (ECF No. 23, Pl.'s Mem. Opp'n Defs.' Mot. Sanctions.)

Despite the fact that two district courts have already explained to plaintiff in detail how the doctrine of res judicata bars any suit against defendants that arises out of the April 24, 2014, incident, and despite the Court of Appeals' rulings and its recent warning, plaintiff persisted with his claims by opposing defendants' motion to dismiss. His opposition brief is frivolous. Plaintiff also frivolously requests a monetary sanction against defendants. The request is denied because the only party to this suit who is engaging in frivolous conduct is plaintiff.

District courts have the inherent power to sanction litigants before them for bad-faith litigation tactics and to ensure the orderly disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Courts must do so in a way that is tailored to the abuse. *McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006). Plaintiff's opposition to defendants' motion to dismiss warrants the imposition of the reasonable $3,000.00 monetary sanction defendants seek.[1] The requested amount is sufficient but not greater than necessary to deter plaintiff from further litigation based on the April 24, 2014, incident. Furthermore, in the interest of tailoring the

---

[1]This sanction is not based on plaintiff's filing the state-court complaint in this suit.

4

sanction to plaintiff's abuse of legal processes, it will be payable to defendants because, although plaintiff's conduct has burdened the courts, defendants have disproportionately borne its effects. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 185-86 (7th Cir. 1995) (discussing procedural history of case in which both the district court and the court of appeals had imposed a monetary sanction on the litigant, payable to his adversary).

Defendants also seek an order "barring Carter from filing any additional lawsuits in federal or state courts over the events of April 24, 2014." (ECF No. 19, Defs.' Mot. Sanctions and Filing Bar at 5.) The Court may exercise its inherent power and constitutional obligation to prevent abuse of the judicial process by a litigant who persists in a pattern of frivolous litigation by imposing a regulatory injunction designed to prohibit the filing of duplicative and frivolous actions. *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *Support Sys.*, 45 F.3d at 185-86. The Court is satisfied that in this case, it should exercise this power by imposing a filing bar preventing plaintiff from filing or litigating in this district any claims that arise from the events of April 24, 2014. *See McCready*, 453 F.3d at 892 ("When dealing with a frivolous litigator who, despite due warning or the imposition of sanctions, continues to waste judicial resources, we impose a filing bar preventing the litigant from filing in this court or any federal court in this circuit."); *Lysiak v. C.I.R.*, 816 F.2d 311, 313 (7th Cir. 1987) ("A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court."). Such a filing bar, along with the monetary sanction, is appropriate and tailored to plaintiff's misuse of legal process, considering that he was previously warned by the Court of Appeals about the possible consequences of continuing to pursue his claims. The Court declines, however, to extend the filing bar to plaintiff's activities in state court and/or beyond this district. Although defendants have cited

authority in which the Court of Appeals has imposed filing bars throughout the circuit, it is not clear from the authorities defendants cite that *this* Court has the authority to do so.  Nor is it clear from those authorities that this Court may or should enjoin plaintiff's state-court filings.  Although defendants cite one district court decision in support of their argument that on these facts, the Court should extend any filing bar to state-court activities, they do not cite precedential authority upon which this Court can rely to do so.  Plaintiff, however, is warned that he should not interpret the scope of the Court's filing bar as license to pursue his claims elsewhere.  Such conduct would likely result in sanctions by another court, were it to consider the history of these proceedings.

## CONCLUSION

The Court grants defendants' motion to dismiss [11], and this action is dismissed with prejudice as barred by res judicata.  The Court grants in part and denies in part defendants' motion for sanctions and a filing bar [19].  Judgment will be entered in favor of defendants and against plaintiff in the amount of $3,000.00 as a sanction for plaintiff's persistence in this frivolous litigation.  Plaintiff is enjoined from making any further attempts in the United States District Court for the Northern District of Illinois to litigate claims arising from the events of April 24, 2014.  Civil case terminated.

**DATE**:  November 14, 2017

_____
**Ronald A. Guzmán**
**United States District Judge**